IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IVAN DAVIS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 04-01795 |
| | : | |
| BERKS COUNTY, et al., | : | |
| Defendants | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                                   June 9, 2008

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 against Berks County, Berks County Prison, Berks County Prison Board, Warden George Wagner, Corrections Officer James Cooper,[1] Corrections Officer Frank Galonis, Sergeant Joi Franklin, and John Does 1-18.[2] After a jury verdict in favor of the remaining defendants, the plaintiff filed a motion for a new trial based on two grounds: (1) the court erred by instructing the jury that the defendants were entitled to use force to defend themselves; and (2) the court improperly dismissed the claims of excessive force against Defendants Joi Franklin and Frank Galonis.  For the reasons discussed below, I will deny the plaintiff's motion in its entirety.

---

[1] On May 1, 2008, in accordance with Rule 25(a) of the Federal Rules of Civil Procedure, counsel for the defendants notified the court of the death of Defendant Cooper.

[2] On February 8, 2007, I granted summary judgment in favor of Berks County, Berks County Prison, Berks County Prison Board, and Warden George Wagner.  I also dismissed the claims against the John Doe defendants because the plaintiff had not amended his complaint or the caption to identify those defendants after the termination of discovery.

I.     BACKGROUND

Davis alleged that while incarcerated at the Berks County Prison, correctional officers used excessive force against him in violation of his constitutional rights guaranteed by the Eighth Amendment.  At trial, Davis testified that on September 10, 2002, he was beaten and choked by the correctional officers for attempting to make a telephone call without authorization, which resulted in serious injuries including a fractured jaw, severe cuts, and bruises to his ribs, hands, and legs.  See N.T. 1/08/08 at 80-91.  Defendant Cooper testified that when he was restraining Davis, Davis bit his arm, and that he had to strike Davis twice in the head before Davis would release the bite.  See N.T. 1/09/08 at 150-151, 161.  Davis testified that Defendant Galonis punched him twice in the jaw in an attempt to get him to release the bite on Defendant Cooper's arm.  See N.T. 1/08/08 at 83-84; see also N.T. 1/09/08 at 38.  Davis further testified that after he stopped biting Defendant Cooper, Defendant Franklin kicked Davis twice on the buttocks and once on the back.  See N.T. 1/08/08 at 89-90.

When the plaintiff rested, Defendants Galonis and Franklin moved for judgment as a matter of law on the excessive force claims pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.  Upon consideration of the motions and counsel's arguments, I granted the motions.  See N.T. 1/09/08 at 111-113.  After over an hour of deliberation, the jury found in favor of the defendants and against the plaintiff.  See N.T. 1/10/08 at 170.

**II. STANDARD OF REVIEW**

Davis filed this motion for a new trial under Rule 59(a)(1)(A) and Rule 60(b) of the Federal Rules of Civil Procedure. The former allows a court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." As the plaintiff points out, the latter provides that a court may relieve a party from a final judgment based, *inter alia*, on a mistake.

The decision to grant or deny a new trial is within the sound discretion of the trial court. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). Under the law of this circuit, "[a] new trial is appropriate only when the verdict is contrary to the great weight of the evidence or errors at trial produce a result inconsistent with substantial justice." Roebuck v. Drexel Univ., 852 F.2d 715, 735-36 (3d Cir. 1988); see also Gagliardo v. Connaught Labs, Inc., 311 F.3d 565, 572 (3d Cir. 2002) (a new trial is appropriate only where a miscarriage of justice would result if the verdict were to stand). In reviewing a motion for a new trial, the court must "view all the evidence and inferences reasonably drawn therefrom in the light most favorable to the party with the verdict." Marino v. Ballestas, 749 F.2d 162, 167 (3d Cir. 1984).

**III. DISCUSSION**

**A. Jury Instruction**

Davis argues that he is entitled to a new trial because of a key error in my instructions to the jury which he alleges was legally improper and prejudicial to him.

Erroneous jury instructions only warrant a new trial if the error is harmful, but error in a jury instruction is only harmless if it is "highly probable" that the error did not affect the verdict.  Hill v. Reederei F. Laeisz G.M.B.H., Rostock, 435 F.3d 404, 411 (3d Cir. 2006).  In reviewing a challenge to a jury charge, the relevant inquiry is "whether the charge, taken as a whole and viewed in the light of the evidence, fairly and adequately submits the issues in the case to the jury."  United States v. Tiller, 302 F.3d 98, 104 (3d Cir. Pa. 2002) (citing Ayoub v. Spencer, 550 F.2d 164, 167 (3d Cir. 1977)).  The context of the entire jury charge is examined rather than isolating particular language.  Id. (citing United States v. Turley, 891 F.2d 57, 62 (3d Cir. 1989)); see also Colegrove v. Cameron Machine Co., 172 F.Supp.2d 611, 634 (W.D. Pa. 2001) (the relevant inquiry is whether the charge taken as a whole accurately instructed the jury on the applicable law).

Over the plaintiff's objection, I gave the following instruction to the jury regarding a correctional officer's right to use force:

> In this case, Ivan Davis claims that Defendant Cooper used excessive force against him.  I should tell you that Pennsylvania law provides that a corrections officer may use force in self defense or to prevent an assault on staff or other prisoners.  So, the use of force is sanctioned and permitted by Pennsylvania law.  The issue here is whether there was excessive force, because it is excessive force that would constitute a constitutional violation.

See N.T. 1/10/08 at 151.  Davis claims that this portion of the instruction does not accurately portray the law in Pennsylvania because it is based on a provision of the Pennsylvania Administrative Code rather than on a Pennsylvania statute.  This claim is

meritless.

My instruction of a correctional officer's right to use force in self defense is the proper law independent of the Pennsylvania Code.  In the Eighth Amendment context, "the core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  When excessive force is alleged in the context of a prison disturbance, the inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm, and whether the injury is more than *de minimis*.  See Fuentes v. Wagner, 206 F.3d 335, 345 (3d Cir. 2000) (quoting Hudson v. McMillian, 503 U.S. at 7); see also Whitley v. Albers, 475 U.S. 312, 320-321 (1986) ("Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm").

In his challenge, Davis takes a myopic view of the jury charge.  By isolating particular language, he fails to see that the charge, taken as a whole, fairly and adequately instructed the jury on the applicable law of this circuit, as demonstrated by the following relevant portions:

> The 8th Amendment to the United States Constitution prohibits cruel and unusual punishment, and protects convicted prisoners from malicious and sadistic uses of physical force by prison officials.
>
> * * *
>
> To establish his claim for a violation of the 8th Amendment, Mr. Davis must prove that the defendant used force against him maliciously for the purpose of causing harm rather than in a good faith effort to maintain or restore discipline. So, Mr. Davis must prove that Mr. Cooper used force against him maliciously and for the purpose of causing him harm, rather than in a good faith effort to maintain or restore discipline.

See N.T. 1/10/08 at 151-152.

The jury heard two versions of what happened that day. Davis testified that he was beaten and choked by numerous correctional officers resulting in injuries. Officer Cooper testified that he was holding Davis by the shoulder and arm when Davis bit down on the officer's arm and refused to release. Officer Cooper struck Davis twice before Davis released the bite. It was up to the jury to determine whether this force was used maliciously or sadistically; whether it was used for the purpose of causing harm to Davis; or whether it was used in a good faith effort to maintain or restore discipline. Having heard the proper instruction on the use of force, the jury accepted Officer Cooper's version of events that he struck Davis twice to get Davis to release the clench of his jaws, and determined that the force used was in a good faith effort to restore discipline.

### B. Judgment as a Matter of Law Pursuant to Rule 50(a)

Davis next claims that I improperly granted the motions of Defendants Galonis and

Franklin for judgment as a matter of law on the excessive force claims pursuant to Rule 50(a) of the Federal Rules of Civil Procedure which provides in pertinent part: (1) If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:  (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

     A motion for judgment as a matter of law under Rule 50(a) should be granted only if, viewing the evidence in the light most favorable to the nonmoving party, there is no question of material fact for the jury and any verdict other than the one directed would be erroneous under the governing law.  Marinelli v. City of Erie, 216 F.3d 354, 359 (3d Cir. 2000) (citing Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996)).

     The Supreme Court has held that not every malevolent touch by a prison guard gives rise to a federal cause of action.  Hudson v. McMillian, 503 U.S. at 9-10 (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) (Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights)).  The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience

of mankind.  Hudson v. McMillian, 503 U.S. 1, 9-10 (citing Whitley v. Albers, 475 U.S. at 327.

Initially, it is important to note that there was no allegation in the Second Amended Complaint of excessive force against Davis on the part of Officer Galonis.  However, even if I were to construe that complaint as having included that allegation against Officer Galonis, Davis' challenge would still fail.  The only evidence at trial showing that Officer Galonis had physical contact with Davis on that day was the testimony of two incidents of Officer Galonis striking Davis in the context of attempting to get Davis to release the bite on Officer Cooper.  See N.T. 1/08/08 at 83-84; see also N.T. 1/09/08 at 38.  Keeping in mind the standard for an excessive force claim, i.e., that the plaintiff must prove that the defendant used force against him maliciously or for the purpose of causing harm rather that in a good faith effort to maintain or restore discipline, I determined that there was no evidence of malice on the part of Officer Galonis, or evidence of any purpose to cause Davis harm.  I further determined that the actions of Officer Galonis were an attempt to maintain or restore order.  See N.T. 1/09/08 at 111-112.

Davis contended that Officer Franklin used excessive force against him on that day at the Berks County Prison.  He testified at trial that when he was on the ground after releasing the bite on Officer Cooper's arm, Officer Franklin kicked him twice on his buttocks and once on his back.  See N.T. 1/08/08 at 89-90.  There was no evidence of any harm or injury caused by the kicking of the buttocks or of the back.  On the contrary,

Davis testified specifically that the incident resulted in serious injuries including a fractured jaw, severe cuts, and bruises to his ribs, hands, and legs.  See N.T. 1/08/08 at 80-91.  As I determined with Officer Galonis' actions, there was no evidence of malice or a purpose to cause harm on the part of Officer Franklin.

Thus, there was no question of material fact to put before the jury regarding a claim of excessive force on Officer Galonis' part or on Officer Franklin's part.  Any verdict other than the one directed would have been erroneous under the governing law.  See Marinelli v. City of Erie, 216 F.3d at 359.  I will deny Davis' motion for a new trial in its entirety.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IVAN DAVIS,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO. 04-01795 |
| | : | |
| **BERKS COUNTY, et al.,** | : | |
| **Defendants** | : | |

**O R D E R**

**STENGEL, J.**

**AND NOW**, this   9th   day of June, 2008, upon consideration of the plaintiff's motion for a new trial (Document #105), and the responses of the defendants (Documents #107 and #108), it is hereby ORDERED that the motion is DENIED in its entirety.

BY THE COURT:


 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.